EDWARD A. CAHOON *v.* SALATHIEL H. ELLIS, and JOHN CHAPLIN, JR., Trustee.

The decision of the county court upon questions of fact, pertaining to the liability of a person summoned as trustee, cannot be revised by the supreme court upon exceptions.

The declarations of the principal debtor cannot be received as evidence against the trustee.

TRUSTEE PROCESS. The trustee disclosed, that in December, 1842, he executed a promissory note to Sally Ellis, the mother of the principal debtor, for forty dollars; that he was unable to say, whether the note was made payable to order, or bearer; that Sally Ellis died in April, 1843; and that he received a letter from the principal debtor, soon after her decease, informing him, that he held

the note and should require payment of the amount due upon it to be made to himself.

The county court,—REDFIELD, J., presiding,—found the fact to be, that the note was not negotiable, and that it was not given nor delivered by Sally Ellis, during her life time, to the principal debtor, but that it was in her possession until the time of her decease,— there being, probably, some kind of understanding between the mother and son, that, in consideration of his kindness to her, whatever property she had, including this note, should become his at her decease, but this understanding not carried into effect by actual delivery during the life of the mother; and the court adjudged the trustee not liable. Exceptions by plaintiff.

*G. C. & E. A. Cahoon* for plaintiff.

*D. Hibbard* for trustee.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The only question in this case is, whether Chaplin was indebted to and trustee of Salathiel H. Ellis, the principal debtor. It is apparent, that we cannot revise the decision of the county court, in this particular. They have found, that the note, which the trustee executed, was payable to Sally Ellis, the mother of the debtor, on a consideration proceeding from her; that it was in her possession at the time of her death; and that, though there might have been some understanding, that this, with the rest of her property, should pass to the debtor, her son, at her decease, yet this was not carried into effect. No question is, therefore, presented by the case, as it comes here from the county court.

From the evidence it is difficult to see, how the court could have arrived at a different conclusion. There is nothing coming from Mrs. Ellis, that she had parted with her interest in the note; and the declarations or acts of the principal debtor cannot be evidence in this case. It is for his interest to have the amount due upon the note applied in payment of his debt to the plaintiff; but this cannot be effected by him, without the concurrence of his mother, or her representatives, to whom the trustee is still indebted, so far as we can learn from any facts presented in this case.

Judgment affirmed.